Julie A. GADDIS, Plaintiff–Appellant,

v.

State of OREGON; Oregon Dept. of Workmans Compensation Defendant–Appellee.

No. 99–35499.

D.C. No. CV–99–243 MFM.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.

Decided Oct. 19, 2001.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

## MEMORANDUM *

Appellant Julie A. Gaddis ("Gaddis") suffers from morbid obesity, a disability under the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12122.3. While at work, she suffered a back injury. She sought workers' compen-sation benefits for that injury. The Administrative Law Judge ("ALJ") found that Appellant suffered a work-related injury, but that her preexisting condition predisposed her to that injury. Accordingly, under Oregon law, because she was not able to show that the work-related injury was the major contributing cause (51% or more) of the resulting back condition, benefits were denied. She appealed the ALJ's decision to the Workers' Compensation Board ("WCB"), which affirmed. She then filed this action in district court, claiming that Oregon's workers' compensation scheme unlawfully discriminates against the disabled, in violation of Title II of the ADA. The district court entered judgment for the state, holding that Oregon's workers' compensation scheme neither impermissibly denies access to the workers' compensation system nor violates the ADA, for it treats disabled and non-disabled workers alike. While we have appellate jurisdiction pursuant to 28 U.S.C. § 1291, we vacate the district court's judgment for lack of subject matter jurisdiction.

To satisfy Article III's standing requirements, a plaintiff must show: (1) she has suffered an "injury in fact" that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *see also Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1139 n. 3 (9th Cir.2000) (en banc).

---

* This disposition is not appropriate for publica-tion and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

Gaddis seeks only injunctive and declaratory relief. She concedes that her worker's compensation proceeding is over and she does not seek in this action to recover the compensation denied her by the WCB. Thus, her injury is not capable of being redressed by this action. While Gaddis contends that the Oregon statute denies the disabled who suffer work injuries meaningful access to workers' compensation benefits in violation of Title II of the ADA, it is highly speculative that Gaddis herself will again be a claimant under Oregon's workers' compensation program and even if she is, that a preexisting disabling condition will preclude her from proving that she is entitled to benefits.

 Previously, we have held that Article III demands more than the existence of a statute whose application is "theoretically possible"; rather, when an "asserted threat is wholly contingent upon the occurrence of unforeseeable events . . . [there is not] a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement, and thus . . . [the claim] is not justiciable, because it is not ripe for court review." [1] *Id.* at 1141 (internal quotation marks and citations omitted). Even assuming that application of Oregon's workers' compensation scheme to Gaddis' claims violated the ADA, that alone does not create a *present* case or controversy "if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (internal quotation marks and citation omitted).

Because Gaddis concedes that benefits are no longer available to her, even if there were a particularized, continuing harm, that harm would not be redressed by a favorable judicial determination.

Accordingly, the district court's judgment on the merits is vacated and the case is remanded to the district court with directions to dismiss this case for lack of subject matter jurisdiction. Each party shall bear her or its own costs.

VACATED and REMANDED.

---

1. It makes no difference to the resolution of this case whether the justiciability question is framed in terms of standing or ripeness. *See Thomas,* 220 F.3d at 1138 ("The constitutional component of the ripeness inquiry is often treated under the rubric of standing and, in many cases, ripeness coincides squarely with standing's injury in fact prong."); *id.* at 1139 ("Whether the question is viewed as one of standing or ripeness, the Constitution mandates that prior to our exercise of jurisdiction there exist a constitutional 'case or controversy,' that the issues presented are 'definite and concrete, not hypothetical or abstract.'") (quoting *Ry. Mail Ass'n v. Corsi,* 326 U.S. 88, 93, 65 S.Ct. 1483, 89 L.Ed. 2072 (1945)).

